Dear Dr. Galvan:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion as to whether you may subcontract out various portions of the new Coroner's facility project.
Your request indicates that the St. Tammany Parish Coroner's Office has received funding and the authority to build a new Coroner's facility. You have indicated that this new facility is extraordinary in its scope and will include a state of the art DNA lab. The new facility must be constructed in such a manner that it conforms to the scientific purposes for which the facility was intended.
Due to increasing costs of materials and labor, you propose to personally supervise and sub-contract out various portions of the project in strict compliance with Louisiana's Public Bid Law. You would receive no compensation for your role in the construction. You have asked for our opinion as to whether this arrangement is acceptable under the law.
Under Louisiana's Public Bid Law, contracts for public works projects exceeding $100,000 must be advertised and let to the lowest responsible and responsive bidder. A public works project means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. La.Rev.Stat. 38:2211. Public works projects that are estimated to cost less than $100,000 are not subject to the advertising and bidding requirements of the Public Bid Law and may be undertaken by the public entity with its own employees or may be negotiated with one or more contractors.
To determine if a public works project exceeds the $100,000 contract limit, the public entity must add together the total cost of materials that will go into the project, the wages and benefits which will be paid to the employees used in the project, the cost of supervision and administrative overhead not to exceed fifteen percent, and the rental value of the owned equipment which will be used as per the rates in the latest edition of the Association Equipment Dealers Rental Book. Atty. Gen. Op. No. 04-0079. *Page 2 
La.Rev.Stat. 38:2212 further states:
 Under no circumstances shall there be a division or separation of any public work project into smaller projects which division or separation would have the effect of avoiding the requirement that public work be advertised and let by contract to the lowest responsible bidder as provided by this Section.
It is our opinion that the new Coroner's facility is a public works project. As such, if the total project equals or exceeds the statutory contact limits of $100,000, then the entire project must comply with the advertisement and competitive bidding requirements of the Public Bid Law. The project may not be divided, separated, or otherwise subcontracted out without first complying with the Pubic Bid Law. To do otherwise would be a clear violation of La.Rev.Stat. 38:2212.
In addition, La.R.S. 38:2212 (A)(3)(g) provides that "no construction manager . . . employed by a public entity may manage a construction project as a general contractor or act in the role of the general contractor to oversee, direct, or coordinate individual trade contractors on behalf of the public entity, or accept bids or itself bid on the public work or components of the public work with respect to which the manager or consultant is employed or contracted to manage or consult." In our view, if you were to act as the supervisor of the project, directly sub-contracting out various portions of the project yourself, you would be acting as a general contractor in contravention of La.R.S. 38:2212
(A)(3)(g). With regard to public works, the Louisiana public bid law requires that the direction of the work force and the selection and engagement of trade contractors in the performance of the included work is solely the responsibility of the successful bidder/contractor.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt